UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Madelyn R. Milton, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Tyrone Barze, Jr., in his Individual Capacity as a Minneapolis Police Officer, and the City of Minneapolis, | **JURY TRIAL DEMANDED UNDER FRCP 38** |
| Defendants. | |

---

For her Complaint, Madelyn R. Milton ("Milton") hereby states and alleges as follows:

1. This is an action for money damages due to Officer Tyrone Barze, Jr.'s ("Barze") illegal actions. Barze's unreasonable seizure and use of excessive force, while acting under color of state law, violated Milton's well-settled federal civil rights.

2. Milton also asserts claims against the City of Minneapolis under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

3. Defendant City of Minneapolis is a municipality duly incorporated under the laws of the State of Minnesota.

4. Milton brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this matter to this Court.

5. Milton was, at all material times herein, a citizen of the United States and a resident of Maple Grove, Minnesota.

6. Upon information and belief, Barze was, at all material times herein, a citizen of the United States and a resident of the State of Minnesota.

7. Barze is sued in his individual capacity. He is a sworn officer in the Minneapolis Police Department.

8. Milton is a 23-year-old woman who is in her second-year of a three year doctorate degree program in physical therapy at the University of Jamestown in Fargo, ND.

9. On June 1, 2014, Milton was enjoying a night out with several friends: Kathleen Thieu, Kelsey Eitel, and Eric Collins. Collins and Thieu are second-year medical students at the University of Minnesota and Eitel is a second-year dentistry student at the University of Minnesota.

10. In the early morning hours of June 1, 2014, to avoid heavy rains and get a safe ride home, Milton and her friends tried to hail a cab that would charge by the meter (and city law). Several cab drivers declined, demanding an off-meter flat-fee payment. Ultimately, they hired a taxi driven by 26 year-old Tamru Bekele Gezahgne. After driving for a few minutes they became involved in a civil dispute with Gezahgne over the condition of his cab prior to their getting into it. It had vomit in the rear seat, which at least one of the female occupants sat in on arrival in the back seat. Gezahgne demanded payment to which he was not entitled, and payment other than the charge on the meter was refused.

11. Gezahgne called the police and Barze arrived on scene.

12. When Barze arrived on scene, Milton and all of her friends were outside the taxi-cab, along with the taxi-driver.

13. Barze briefly spoke with Gezahgne before talking to Milton and her friends.

14. Gezahgne reported this civil dispute that is not within the officer's jurisdiction or power to decide.

15. Barze ignored information given by Milton and her friends about this civil dispute and demanded that Gezahgne be paid what he claimed. Collins took his cell phone out and began recording Barze. Barze took Collins's phone away from him.

16. Eitel also took her phone out and tried to record Barze. Barze pushed Eitel, knocking her phone out of her hand.

17. Barze then deployed his mace at Eitel's face, causing Eitel to walk away from Barze.

18. Collins questioned Barze's actions, so Barze put Collins in an escort hold and placed him against the hood of Barze's squad car and hand-cuffed him.

19. Barze then handcuffed Thieu and then placed her and Collins in the back of his squad car.

20. At this point, Eitel was holding her face in her hands and standing in the street away from Barze. Milton was somewhat in-between Barze and Eitel.

21. Milton had her cell phone out in an attempt to record what Barze was doing. As Barze walked passed Milton toward Eitel, he took Milton's phone from her.

22. Milton took a step or two after Barze, telling him that he could not take her phone.

3

23. Barze turned and struck Milton in the face, knocking her to the ground, where she struck the back of her head and she lay unconscious and bleeding in the street.

24. Barze failed to render aid as he left Milton lying unconscious and bleeding on the street.

25. Leaving Milton, Barze brought Eitel to his squad car where he called an ambulance for Milton.

26. Milton was taken by ambulance to HCMC, where she was diagnosed with a 5 cm laceration to her scalp with associated hematoma and traumatic brain injury. The laceration was closed with seven staples as shown in the below photograph:



27. As he has done several times in the past in efforts to cover up his unconstitutional misconduct, Barze falsely reported that Milton struck him multiple times in the back, among other false statements and exaggerations in his supplement.

28. Despite Barze's trumped-up version of the event, all charges against Milton, including a charge of obstructing with force, were continued for dismissal without the necessity of a plea.

4

## Count I –Excessive Force Against Defendant Barze

29. Plaintiff Milton restates the allegations contained in Paragraphs 1 through 28 against Defendant Barze.

30. Defendant Barze, while acting under color of state law, violated Milton's clearly established and well-settled federal civil rights to be free from excessive force and unreasonable seizure.

31. Defendant Barze subjected Milton to this deprivation of her rights either maliciously or by acting with reckless disregard for whether her rights would be violated by Barze's actions.

32. Barze's actions were also objectively unreasonable pursuant to *Graham v. Connor*, 490 U.S. 386 (1989).

33. Milton had committed no crime, and at most-was accused of being intoxicated and vomiting in a taxi-cab by the lone driver—a fact hotly disputed by the medical and dental students from the University of Minnesota.

34. Milton posed no threat to the safety of Barze, herself, or others.

35. Milton never actively resisted arrest or attempted to evade arrest by flight.

36. As a direct and proximate result of the acts and omissions of Barze, Milton suffered great bodily and mental harm, medical bills, and other items of damage in an amount to be determined by the jury.

37. Milton claims punitive damages in an amount to be determined by the jury against defendant Barze as a matter of right under federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

38.     Milton is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### Count II – Civil Rights Violations under *Monell v. Dep't of Soc. Serv.* Against Defendant City of Minneapolis

39.     Plaintiff Milton restates the allegations contained in Paragraphs 1 through 38 against Defendant City of Minneapolis under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

40.     Before June 1, 2014, the City of Minneapolis, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, and/or ratified a custom, pattern, or practice on the part of its officers, including this defendant Barze, of the use of excessive force and unreasonable seizure in violation of the United States Constitution.

41.     To Plaintiff's knowledge there are four other pending or resolved cases in which Barze was a named defendant, not including this case. (*Thomas v. Barze, et. al.*, Case No.: 12-cv-02272 JRT-SER (settled); *Andrews, et. al. v. Thole et. al.*, Case No.: 12-cv-02877 ADM-SER (dismissed by parties' stipulation); *McKinney v. City of Minneapolis*, 13-cv-03004 DWF-TNL (pending)), and *Paradeise v. Barze, et. al.*, 14-cv-04830 (DSD/HB) (judgment entered against Barze and against the City on a *Monell* claim pursuant to an accepted Rule 68 Offer).

42.     In all of the lawsuits against Defendant Barze it is alleged, in part, that he used excessive force under color of state law and so violated 42 U.S.C. § 1983.

43.     Through the City of Minneapolis' ratification and approval of its officers' actions, in both this case and others, and by failing to discipline its officers, there has been a

policy, custom, or practice of the use of excessive force and unreasonable seizure without sanction or consequence.

44. The Constitutional deprivation suffered by Milton was directly and proximately caused by the aforementioned acts and omissions and by the City's customs, patterns, and/or practices, and the City of Minneapolis is thereby liable in an amount to be determined by the jury.

45. Milton is entitled to damages in an amount to be determined by the jury for great bodily and mental harm, both past and future, medical bills, and other items of damage as a result of the City's acts and omissions.

46. Milton is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## Prayer for Relief

WHEREFORE, Plaintiff Madelyn R. Milton prays for judgment against Defendants as follows:

1. As to Count One, a money judgment against Defendant Tyrone Barze, Jr. for compensatory damages in an amount to be determined by the jury and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and prejudgment interest;

2. As to Count Two, a money judgment against Defendant City of Minneapolis for compensatory damages in an amount to be determined by the jury together with costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and prejudgment interest;

3.      For injunctive relief against Defendant City of Minneapolis, including changes in administering discipline to officers who use excessive force; and

4.      For such further relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL SCHUPP, L.L.P.

Date: April 14, 2015

s/Robert Bennett
Robert Bennett, #6713
Ryan O. Vettleson, 312915
33 South Seventh Street, #3000
Minneapolis, MN 55402
Telephone: 612-333-9500
rbennett@gaskinsbennett.com
rvettleson@gaskinsbennett.com
Attorneys for Plaintiff